UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | |
|---|---|
| ROXANNA KAYE NORDBYE, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) CAUSE NO.: 1:17-CV-150-TLS |
| | ) |
| NANCY A. BERRYHILL, | ) |
| ACTING COMMISSIONER OF THE | ) |
| SOCIAL SECURITY | ) |
| ADMINISTRATION, | ) |
| | ) |
| Defendant. | ) |

**OPINION AND ORDER**

Plaintiff Roxanna Kaye Nordbye seeks review of the final decision of the Commissioner of the Social Security Administration (Commissioner) denying her application for disability insurance benefits and supplemental security income. The Plaintiff argues that the Commissioner wrongfully denied her Social Security benefits and erred by failing to conduct a proper analysis to determine if her conditions were "severe" within the meaning of the statute, by failing to incorporate into her residual functional capacity all of the limiting effects of her medically determinable impairments, and by failing to appropriately weigh her work history in assessing her credibility.

**BACKGROUND**

On July 23, 2013, the Plaintiff filed a Title II application for disability and disability insurance benefits, as well as a Tile XVI application for supplemental security income, alleging disability beginning on August 1, 2010. (R. 48.) Her claims were denied initially on October 31, 2013, and upon reconsideration on December 11, 2013. (*Id.*) On May 21, 2015, the Plaintiff

appeared with counsel and testified at a hearing before an administrative law judge (ALJ). (*Id.*) Robert S. Barkhaus, Ph.D., an impartial vocational expert (VE) also appeared by telephone. (*Id.*) On February 7, 2017, the ALJ's decision became the final decision of the Commissioner when the Appeals Council denied the Plaintiff's request for review. (R. 1–4.)

On April 11, 2017, the Plaintiff filed this claim in federal court against the Acting Commissioner of the Social Security Administration.

## THE ALJ'S FINDINGS

Disability is defined as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A). To be found disabled, a claimant must demonstrate that her physical or mental limitations prevent her from doing not only her previous work, but also any other kind of gainful employment that exists in the national economy, considering her age, education, and work experience. §§ 423(d)(2)(A), 1382c(a)(3)(B).

An ALJ conducts a five-step inquiry in deciding whether to grant or deny benefits. 20 C.F.R. §§ 404.1520, 416.920. The first step is to determine whether the claimant no longer engages in substantial gainful activity (SGA). *Id.* In the case at hand, the ALJ found that the Plaintiff has not engaged in SGA since her alleged onset date, August 1, 2010. (R. 50.)

In step two, the ALJ determines whether the claimant has a severe impairment limiting her ability to do basic work activities under §§ 404.1520(c) and 416.920(c). In this case, the ALJ determined that the Plaintiff had multiple severe impairments, including fibromyalgia and obesity. (*Id.*) The ALJ found that these impairments caused more than minimal limitations in the

Plaintiff's ability to perform the basic mental and physical demands of work. (*Id.*) The ALJ also found that the Plaintiff had multiple non-severe impairments. (R. 51–56.) The ALJ found that the Plaintiff did not have any severe mental impairments that had lasted for more than twelve months. (R. 56.) Rather, the ALJ found only mild limitations in activities of daily living due to mental impairment, no deficits in social functioning, and only mild restriction in the claimant's ability to maintain concentration, persistence, or pace. (R. 57–58.)

Step three requires the ALJ to "consider the medical severity of [the] impairment" to determine whether the impairment "meets or equals one of the [the] listings in appendix 1 . . . ." §§ 404.1520(a)(4)(iii), 416.920(a)(4)(iii). If a claimant's impairment(s), considered singly or in combination with other impairments, rise to this level, there is a presumption of disability "without considering [the claimant's] age, education, and work experience." §§ 404.1520(d), 416.920(d). But, if the impairment(s), either singly or in combination, fall short, the ALJ must proceed to step four and examine the claimant's "residual functional capacity" (RFC)—the types of things she can still do physically, despite her limitations—to determine whether she can perform "past relevant work," (§§ 404.1520(a)(4)(iv), 416.920(A)(4)(iv)), or whether the claimant can "make an adjustment to other work" given the claimant's "age, education, and work experience." §§ 404.1520(a)(4)(v), 416.920(a)(4)(v).

The ALJ determined that the Plaintiff's impairments did not meet or equal any of the listings in Appendix 1 and that she had the RFC to perform light work as defined in 20 C.F.R. §§ 404.1567(b) and 416.967(b), and to:

> [S]it six hours in an eight-hour workday, and stand and/or walk six hours in an eight-hour workday; lift, carry, push, and pull ten pounds frequently and 20 pounds occasionally; occasionally balance, squat, kneel, crouch, and crawl; no ropes, ladders, or scaffolds; occasionally climb ramps and stairs, one to two flights at a time; and, occasional bending and stooping in addition to what is required to sit.

(R. 58.)

After analyzing the record, the ALJ concluded that the Plaintiff was not disabled as of her alleged onset date. (R. 48–63.) The ALJ evaluated the objective medical evidence and the Plaintiff's subjective complaints and found that the Plaintiff's medically determinable impairments could "reasonably be expected to preclude the claimant from sustaining more than a restricted range of light work activity." (R. 60.) But, the ALJ found that the Plaintiff's testimony and prior statements regarding the intensity, persistence, and limiting effects of these symptoms were not entirely credible. The Plaintiff testified that fibromyalgia causes pain in her back, shoulder, knees, and feet. (R. 59.) She also indicted that "just about any" activity increases her pain, although she watches her grandchildren about three days a week. (*Id.*) The Plaintiff lives with her mother. (*Id.*) Regarding her work history, the Plaintiff testified that her most recent job ended due to downsizing and that she was missing about two days per month, although her supervisor was understanding. (*Id.*) She received a raise after she requested one because she was "very good" at her job but that she could not have continued working at that job for forty hours per week. (*Id.*)

The ALJ noted that the Plaintiff's last job ended due to downsizing during the month prior to the Plaintiff's alleged onset of disability. (*Id*.) The ALJ also found that the objective medical evidence did not support all of the Plaintiff's allegations. For example, looking to SSR 12-2p, the ALJ noted that, despite her diagnosis of fibromyalgia, the medical evidence did not fully support such a diagnosis as the examinations did not note tender points and "the evidence fails to establish repeated manifestations of fibromyalgia signs, symptoms, or co-occurring conditions, or that that other causes of any symptoms were excluded." (R. 60.) The ALJ also

4

examined the medical evidence regarding the Plaintiff's non-severe impairments and determined that it did not support work-related limitations. (R. 51–58.)

The Plaintiff has past relevant work as an accounts clerk/specialist, accounts payable clerk, billing clerk, and data entry clerk. (R. 62.) The ALJ found that the Plaintiff was able to perform her past relevant work. (*Id.*) Thus, the ALJ found that the Plaintiff was not disabled as defined in the Social Security Act as of her alleged onset date. (R. 63.)

## STANDARD OF REVIEW

The decision of the ALJ is the final decision of the Commissioner when the Appeals Council denies a request for review. *Liskowitz v. Astrue*, 559 F.3d 736, 739 (7th Cir. 2009). The Social Security Act establishes that the Commissioner's findings as to any fact are conclusive if supported by substantial evidence. *See Diaz v. Chater*, 55 F.3d 300, 305 (7th Cir. 1995). Thus, the Court will affirm the Commissioner's finding of fact and denial of disability benefits if substantial evidence supports them. *Craft v. Astrue*, 539 F.3d 668, 673 (7th Cir. 2009). Substantial evidence is defined as "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971) (quoting *Consol. Edison Co. v. NLRB*, 305 U.S. 197, 229 (1938)); *Henderson v. Apfel*, 179 F.3d 507, 512 (7th Cir. 1999).

It is the duty of the ALJ to weigh the evidence, resolve material conflicts, make independent findings of fact, and dispose of the case accordingly. *Richardson*, 402 U.S. at 399–400. The reviewing court reviews the entire record; however it does not substitute its judgment for that of the Commissioner by reconsidering facts, reweighing evidence, resolving conflicts in evidence, or deciding questions of credibility. *See Diaz*, 55 F.3d at 308. A court will "conduct a

critical review of the evidence," considering both the evidence that supports, as well as the evidence that detracts from, the Commissioner's decision, and "the decision cannot stand if it lacks evidentiary support or an adequate discussion of the issues." *Lopez ex rel. Lopez v. Barnhart*, 336 F.3d 535, 539 (7th Cir. 2003) (internal quotations omitted).

When an ALJ recommends the denial of benefits, the ALJ must first "provide a logical bridge between the evidence and [her] conclusions." *Terry v. Astrue*, 580 F.3d 471, 475 (7th Cir. 2009) (internal quotation marks and citation omitted). Though the ALJ is not required to address every piece of evidence or testimony presented, "as with any well-reasoned decision, the ALJ must rest its denial of benefits on adequate evidence contained in the record and must explain why contrary evidence does not persuade." *Berger v. Astrue*, 516 F.3d 539, 544 (7th Cir. 2008). However, if substantial evidence supports the ALJ's determination, the decision must be affirmed even if "reasonable minds could differ concerning whether [the claimant] is disabled." *Elder v. Astrue*, 529 F.3d 408, 413 (7th Cir. 2008).

## ANALYSIS

The Plaintiff argues that the ALJ erred by failing to conduct a proper analysis to determine if her conditions were "severe" within the meaning of the statute, by failing to incorporate into her residual functional capacity all of the limiting effects of her medically determinable impairments, and by failing to appropriately weigh her work history in assessing her credibility.

The Plaintiff's first argument is that the ALJ's analysis at step three was insufficient. At this step, the ALJ wrote, in full, "[t]he claimant does not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments in 20

6

CFR Part 404, Subpart P, Appendix 1 (20 CFR 404.1520(d), 404.1525, 404.1526, 416.920(d), 416.925 and 416.926)." (R. 58.) The Plaintiff asserts that it was error for the ALJ to fail to discuss any specific Listing that might apply to the Plaintiff's impairments because:

> Under a theory of presumptive disability, a claimant is eligible for benefits if she has an impairment that meets or equals an impairment found in the Listing of Impairments. 20 C.F.R. § 404.1520(d); 20 C.F.R. Pt. 404, Subpt. P, App. The listings specify the criteria for impairments that are considered presumptively disabling. 20 C.F.R. § 404.1525(a). A claimant may also demonstrate presumptive disability by showing that her impairment is accompanied by symptoms that are equal in severity to those described in a specific listing. *Id.* § 404.1526(a). In considering whether a claimant's condition meets or equals a listed impairment, an ALJ must discuss the listing by name and offer more than a perfunctory analysis of the listing.

*Barnett v. Barnhart*, 381 F.3d 664, 668 (7th Cir. 2004).

The Commissioner admits that the ALJ's step three finding, on its own, is inadequate because the ALJ did not reference a specific Listing or expressly compare the evidence to the requirements of a Listing. However, the Commissioner argues that the error is harmless because the ALJ "discussed all of the Plaintiff's impairments—both severe and non-severe—in great detail at step two, in a discussion spanning eight pages, and should not be required to repeat this discussion again at step three" and because the Plaintiff did not identify a pertinent Listing. (*See* Comm. Br. 3, ECF No. 20.)

The Court is not persuaded by the Commissioner's argument. The ALJ's analysis in this case "is the very type of perfunctory analysis [courts] have repeatedly found inadequate to dismiss an impairment as not meeting or equaling a Listing." *Minnick v. Colvin*, 775 F.3d 929, 935–36 (7th Cir. 2015) (collecting cases). In fact, by failing to identify a Listing pertinent to the Plaintiff's impairments, "the ALJ's consideration of whether [the Plaintiff's] physical impairments satisfied or equaled [a Listing] was nonexistent, that is even *less* than 'perfunctory,' since []he failed to provide at step three 'any explanation of why [the Plaintiff's] [physical]

7

impairments are not severe enough to qualify as disabled within the meaning of the Act.'"
*O'Donnell v. Astrue*, No. 1:10-CV-458, 2011 WL 3321289, at *7 (N.D. Ind. Aug. 1, 2011) (quoting *Allen v. Barnhart*, 408 F. Supp. 2d 598, 602 (N.D. Ill. 2006)). "The omission of any discussion of [the Plaintiff's] impairments in conjunction with the listings frustrates any attempt at judicial review . . . ." *Brindisi ex rel. Brindisi v. Barnhart*, 315 F.3d 783, 786 (7th Cir. 2003); *see also Scott v. Barnhart*, 297 F.3d 589, 595 (7th Cir. 2002) ("By failing to discuss the evidence in light of [the relevant Listing's] analytical framework, the ALJ has left this court with grave reservations as to whether his factual assessment addressed adequately the criteria of the listing.").

Contrary to the Commissioner's argument, the ALJ did not discuss the Plaintiff's severe impairments in the eight pages preceding his step three finding; he discussed the evidence and limitations regarding only the Plaintiff's non-severe impairments. The ALJ does reference the Plaintiff's fibromyalgia during the RFC analysis, but "the ALJ's discussion of that evidence was limited to ascertaining [the Plaintiff's] work related limitations and remaining functionality. It shed little to no light on how or if [the Plaintiff's] [severe impairments] met or medically equaled a Listing." *Nichols v. Colvin*, No. 3:13-cv-1205, 2015 WL 196379, at *5 (N.D. Ind. Jan. 13, 2015); *see also Helterbrand v. Berryhill*, No. 1:17-cv-1318, 2017 WL 6523409, at *2 (S.D. Ind. Dec. 21, 2017) ("It defies commonsense to think that a reader would see the ALJ's one-sentence assertion and conclude that evidence strewn throughout later sections provide the factual support for that conclusion."). And, "even if the medical evidence was related to the relevant Listings, the ALJ failed to provide the logical bridge necessary" for the parties and this Court to "see the connection." *Nichols*, 2015 WL 196379, at *5.

"While it is true that [the Plaintiff] has the burden of showing that [her] impairments meet a Listing, *Maggard v. Apfel*, 167 F.3d 376, 380 (7th Cir. 1999), the Seventh Circuit has also held that an ALJ should mention the specific Listings he is considering and his failure to do so, if combined with a 'perfunctory analysis,' may require a remand." *Schlatter v. Colvin*, No. 1:14-CV-104, 2015 WL 4758458, at *5 (N.D. Ind. Aug. 412, 2015) (citing *Ribaudo v. Barnhart*, 458 F.3d 580, 583 (7th Cir. 2006)). The Court is unable to "discern from the ALJ's scant analysis whether []he considered and dismissed, or completely failed to consider . . . pertinent evidence." *Minnick*, 775 F.3d at 936. Therefore, the ALJ has failed to minimally articulate his justification for rejecting or accepting specific evidence of a disability, and the Court must remand this case. *See Berger*, 516 F.3d at 545.

## CONCLUSION

Accordingly, the Court REVERSES and REMANDS this case. Because the Court is remanding on this issue, it need not consider the reminder of the parties' arguments; however, the ALJ is encouraged to reconsider how the Plaintiff's work history impacts her credibility in light of Seventh Circuit authority and whether the Plaintiff's medically determinable impairments require further limitations in her RFC when considered in the aggregate.

SO ORDERED on May 3, 2018.

     s/ Theresa L. Springmann
CHIEF JUDGE THERESA L. SPRINGMANN
UNITED STATES DISTRICT COURT